**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA A. BARTUS, | No. 24-5405 |
| Plaintiff - Appellant, | D.C. No.<br>3:23-cv-05883-SKV |
| v. | |
| FRANK BISIGNANO, Commissioner of<br>Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted August 20, 2025**
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Lisa Bartus appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for Supplemental

Security Income.  We review the district court's decision de novo and will "set

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). "'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1**. Bartus argues that the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the medical evidence. Specifically, she claims the ALJ improperly rejected the medical opinions of Dr. David Morgan and Dr. Justin Stamschror. She further asserts that the ALJ "erred by failing to properly evaluate the medical evidence from Bartus's treatment providers and the findings of a state agency medical consultant, Jan Lewis, Ph.D."

The ALJ found that "the significantly overstated 'severe' and 'marked' level limitations assessed by Dr. Morgan are not supported by the evidence in the record." The ALJ cited Bartus's repeated mental status examinations, Dr. Stamschror's consultative evaluation notes, and counseling records by providers

with Columbia River Mental Health. The ALJ concluded that these, as well as the Bartus's testimony regarding her activities of daily living, document Bartus's "good responsiveness to treatment and medication as well as a substantially higher level of functionality than what Dr. Morgan asserts." The ALJ further found that "Dr. Morgan's own evaluation remarks and mental status exam notes do not support his assessment of marked or severe level limitations." Dr. Morgan had noted that Bartus

> denied current suicidal ideation, reported living with friends and doing household chores, endorsed active engagement with counseling and psychiatric medication management, and presented as well groomed, appropriately dressed, cooperative, and fully oriented, with normal speech, normal thought processes and content, normal perception, normal memory, normal fund of knowledge, normal concentration, normal abstract thought, and normal insight and judgment.

Dr. Lewis evaluated Bartus as having no significant limitations and only a handful of moderate limitations. Dr. Lewis thought her evaluation differed from Dr. Morgan's opinion because that opinion "relie[d] heavily on the subjective reports of symptoms and limitations provided by the individual and the totality of the evidence does not support the opinion."

The ALJ found that Dr. Stamschror's "assertion that the claimant has some significant social functioning limitations is both consistent with the 'moderate' restrictions found by both state agency evaluators, Drs. Lewis and Vincent Gollogly, in this area, and generally well-supported by the evidence in the file."

In addition, the ALJ cited as persuasive the evaluations by Dr. Howard Platter and Dr. Robert Hander that Bartus had no severe physical limitations because the evaluations were consistent and "well-supported by the evidence in the file, to include the operative and post-operative follow-up treatment notes from the claimant's hysterectomy and the claimant's testimony regarding her activities of daily living and her statements to providers about working during the period in question."

In sum, the ALJ's decision is supported by, and consistent with, most of the medical evidence. Moreover, as noted by several of the evaluators, the severe limitations suggested by Dr. Morgan appear to be inconsistent with Bartus's daily activities. *See Stiffler v. O'Mally*, 102 F.4th 1102, 1107 (9th Cir. 2024) (concluding that an applicant's significant daily activities undermined her doctor's opinion that she suffered from extreme limitations).

**2.** Bartus has not shown that the Commissioner unreasonably discounted her testimony. Bartus testified to her symptoms, but she does not contest the ALJ's determination that despite those symptoms, "she remained able to live in a house with friends, have a boyfriend, prepare meals, meditate and perform mindfulness exercises, help feed and care for animals, exercise, perform basic household chores to include cleaning, laundry, and ironing, go outside one or two times per week, go on walks, ride in a car with others, shop in stores and by computer, count change,

24-5405

read, use the internet, and spend time with others over the telephone and by email, [texting], and regular mail." Moreover, the ALJ noted that Columbia River Mental Health's records show that Bartus "consistently exhibited no notable findings on her mini mental status exams, she made regular progress in her therapy, and she repeatedly told her providers that she was 'doing well.'" As the ALJ offered "specific, clear, and convincing reasons" for discounting Thomas's testimony, *see Smartt*, 53 F.4th at 494–95, Bartus has not shown that the ALJ unreasonably discounted her testimony.

**3.** Similarly, the ALJ reasonably discounted the lay testimony of Bartus's partner. The ALJ noted that the evidence in the medical record did not support the claimed level of limitation and that even accepting the partner's allegations as completely true, they did not describe limitations so severe as to preclude Bartus from working certain jobs.

**4.** Finally, Bartus's allegation that ALJ erroneously based her step-five finding on a residual functional capacity assessment that did not include all of Bartus's limitations is not persuasive. She asserts that the vocational expert's testimony was based on a hypothetical that did not include situations where a person "has to step away from the workstation while crying or shaking" or misses "one day of work per week," But these are limitations that Bartus alleged and the ALJ rejected in finding that she could perform certain jobs. *See Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (holding that "in hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence").

Because the ALJ's reasonable assessment of the record evidence is supported by substantial evidence and is consistent with the bulk of the evidence, the Commissioner's final decision is **AFFIRMED**.